JAMES L. JONES *v.* ANDERSON FLEMING.

The form of the contract or instrument by which a surety binds himself for the payment of the debt, in case the debtor should not himself satisfy it, does not affect the surety's right to plead, in bar of the action against him, his discharge in consequence of a prolongation of the term of payment, without his consent.

There is no distinction between the surety who has bound himself *in solido* with the debtor, and the surety who has not so expressly bound himself.

The release of one of the principal debtors, by the surety, from all liability to himself as surety, renders such debtor a competent witness for the surety.

One witness is sufficient to prove the *payment* or *extinguishment* of an obligation exceeding in amount or value five hundred dollars, without the aid of corroborating circumstances, although his testimony *per se,* would not be sufficient to prove a contract not reduced to writing, for the payment of money not exceeding that amount.

APPEAL from the District Court of the Parish of Morehouse, *Richardson,* J. *McGuire & Ray,* and *W. A. Caperton,* for plaintiff and appellant. *Todd & Brigham,* for defendant.

LAND, J. The defendant is sued as one of the makers of a joint and several promissory note payable to plaintiff or bearer. The note was signed by *McKee & Brakefield,* by *Samuel Fleming* and by the defendant, *Anderson Fleming.*

The defence is, that the defendant signed the note as the surety of *McKee & Brakefield,* the principal debtors of the plaintiff; and that, since the maturity of the note, the plaintiff has prolonged the term of payment granted to the principal debtors, without his (defendant's) consent, and thereby discharged his obligation as surety to pay the note.

This defence is founded on Art. 3032 of the Civil Code, which declares, that the prolongation of the term granted to the principal debtor, without the consent of the surety, operates a discharge of the latter. And the evidence adduced to prove the alleged prolongation of the term of payment consists of the testimony of one of the principal debtors, taken under a commission, after he had been released from all liability by the defendant to himself, as surety on the note.

To the defence thus made out, both on the law and the fact, the plaintiff objects :

First. That the defendant cannot avail himself of it, for the reason, he signed the note as a joint and several maker, and bound himself *in solido* with the other makers, for its payment.

Secondly. That if the principal debtor is not an incompetent witness for the defendant, his surety, even after a release by the latter, his testimony is insufficient in law, without the aid of corroborating circumstances to establish the alleged giving of time in the defendant's answer.

1st. The form of the contract or instrument by which a surety binds himself for the payment of the debt, in case the debtor should not himself satisfy it, does not affect the surety's right to plead, in bar of the action against him, his discharge, in consequence of a prolongation of the term of payment without his consent. The phraseology of Art. 3032 is too general to admit of any exception; and besides, comes after Art. 3014 of the Code, which treats of the surety's obligation *in solido* with the principal debtor,—and no distinction is made by the former Article between the surety who has bound himself *in solido* with the debtor, and the surety who has not so expressly bound himself.

2dly. The release rendered the debtor a competent witness for the defendant, because, by virtue of the release, the debtor ceased to have any interest in the event of the suit pending between the parties. One witness is sufficient to prove the *payment* or *extinguishment* of an obligation exceeding in amount or value five hundred dollars, without the aid of corroborating circumstances, although his testimony *per se* would not be sufficient to prove a contract not reduced to writing, for the *payment* of money exceeding that amount. See *Parmer* v. *Dison*, 2 An. 536.

There is nothing in the record to impeach the testimony of the debtor, and consequently, nothing to destroy the credibility to which his testimony is entitled.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.